### EBERT *v.* WILCOX.

BROKERS—ACTION FOR COMMISSIONS—TRIAL—INSTRUCTIONS—PRO-
PRIETY.

> Where it was undisputed that plaintiff through his employé
> introduced a party to defendant who bought her real estate,
> and the only contest in the case was whether defendant her-
> self, or through her husband acting as her agent, listed the
> property for sale with plaintiff, and the jury were properly in-
> structed upon the issues in the case, it was error for the court,
> on the jury's announcing the improbability of their agreeing,
> to say before sending them out again: "A trial like this is
> costly to the county. If we fail to reach a result in cases of
> this nature, people lose faith in the ability of the courts to
> settle disputes. And the single question in this case, which
> should be solved readily, did the plaintiff by his subagent pro-
> cure a customer for this property, and did they deal; and, if
> so, he is entitled to his commission. If not, not guilty, or for
> the defendant. It is the simplest case ever presented to a
> jury. Follow an officer."

Error to Wayne; Donovan, J. Submitted October 15,
1908. ( Docket No. 98.)   Decided December 14, 1908.

Assumpsit by Edmund L. Ebert against Kittie Wilcox
for commissions on the sale of certain real estate. There
was judgment for plaintiff, and defendant brings error.
Reversed.

*Sloman & Sloman*, for appellant.

*Robert M. Brownson*, for appellee.

BLAIR, J.   Plaintiff, a real estate agent, brought suit
against defendant to recover his commission on account
of a sale of certain real estate belonging to defendant
alleged to be due by virtue of an oral agreement with de-
fendant and her husband acting as her authorized agent.
Defendant contended, and gave evidence tending to prove,

that she never had any agreement with plaintiff that he should sell her property on commission or otherwise, and never authorized her husband to make any such agreement; that plaintiff had dealt with her and in relation to the property solely in the rôle of an intending buyer, and that under the guise or pretense of being a buyer he endeavored to fasten upon her liability on a fraudulent claim for an agent's commission in selling the same; that his efforts towards procuring a purchaser were for his own benefit, in order that he might buy it from the defendant at his price, and make the difference between what he could sell it at and what he could buy it for from her. That plaintiff employed one Garrison to endeavor to sell the property; that Garrison interested a prospective purchaser; that such prospective purchaser went to defendant and actually purchased the property of her, are undisputed facts upon this record. If, therefore, the property was listed with plaintiff for sale by defendant or her husband acting as her authorized agent, he was entitled to recover. The parties put in testimony tending to prove their respective contentions as to the listing of the property for sale. After the case had been submitted to the jury and they had been out for two hours, they were recalled and announced that they were not likely to agree.

One of the jurors, who was sick, was excused by consent, and thereupon the following occurred:

"*The Court:* That is very kind. You are excused. It would be inhuman to keep him on the jury. I wish to say a word more to the jury before you go back. I am afraid that you have not all had a book of instruction to jurors. If you have not, I will see that you get one after this case is done. A trial like this is costly to the county. If we fail to reach a result in cases of this nature, people lose faith in the ability of courts to settle disputes. That is the very purpose of our work in court, is to bring about a result based upon testimony. And the single question in this case, which should be solved readily, did the plaintiff by his subagent procure a customer for this property, and did they deal; and, if so, he is entitled to

his commission.    If not, not guilty, or for the defendant. It is the simplest case ever presented to a jury.    Follow an officer."

This statement of the issue by the court was equivalent to the direction of a verdict for the plaintiff.    The court had, however, theretofore instructed the jury in his charge that the questions in the case were two:

"Was this property listed with the plaintiff Ebert for sale?    Did Ebert by himself or agent bring Mr. Hudson and Hannan and the Wilcoxes together, and did they make a deal?"

And, again:

"Before the plaintiff can recover in this case, he is obliged to prove to your satisfaction, by a fair preponderance of evidence, that Mrs. Wilcox either made such a contract with him therefor or that she authorized her husband to do so."

We cannot say that the final instruction, which annulled what the court had previously said, was without prejudice.

The judgment is reversed, and a new trial granted.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.